**NOT FOR PUBLICATION**

FILED

DEC 20 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| DAVID E. EDWARDS, | No. 15-17442 |
| Petitioner-Appellant, | D.C. No. 2:13-cv-01651-WBS-EFB |
| v. | |
| GARY SWARTHOUT, Warden, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Submitted December 15, 2016**
San Francisco, California

Before: KOZINSKI, BYBEE, and N.R. SMITH, Circuit Judges.

David Edwards appeals the judgment of the district court denying his 28

U.S.C. § 2254 petition for a writ of habeas corpus. We affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

1.     Edwards failed to properly exhaust his federal due process claim pursuant to 28 U.S.C. § 2254(b)(1)(A), because he did not give the California state courts "a 'fair opportunity' to act on his federal due process claim before presenting it to the federal courts." *Castillo v. McFadden*, 399 F.3d 993, 998 (9th Cir. 2004) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999)). Edwards did not apprise the state court that he was making a claim under the United States Constitution. *Id.* at 998-99. He neither described the "federal [due process] theory on which his claim [was] based," nor characterized his claim specifically as a federal claim. *Id.* at 999.

2.     Even if Edwards had exhausted his claim, the district court properly dismissed his habeas petition as untimely. Under the applicable limitations period, Edwards had one year to file his state habeas claim beginning on "the date on which the factual predicate of [his] claim . . . could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D); *see Mardesich v. Cate*, 668 F.3d 1164, 1172 (9th Cir. 2012) (concluding that the applicable trigger date under § 2244(d)(1) for cases involving an administrative decision is derived from subsection (D)).

The factual predicate of Edwards's claim was the administrative decision, which he admits he discovered on February 20, 2005. Because Edwards did not file

2

for administrative review of that decision until December 9, 2011, nor did he file for state habeas review until April 25, 2012, his petition was untimely.

**AFFIRMED.**